**Mohammed DRAMMEH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74998.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2012.*

Filed March 14, 2012.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Mohammed Drammeh, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Drammeh's request for a humanitarian grant of asylum because he did not raise this claim to the agency. *See Rodas–Mendoza v. INS*, 246 F.3d 1237, 1240 (9th Cir.2001).

Substantial evidence supports the agency's conclusion that Drammeh failed to establish that his experiences in Sierra

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Leone rose to the level of persecution, *see Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003), or that he was targeted on account of a protected ground, *see INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence also supports the agency's conclusion that Drammeh failed to establish a future fear of persecution. *See Nagoulko,* 333 F.3d at 1018 (possibility of future persecution too speculative). Accordingly, Drammeh's asylum claim fails.

Because Drammeh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.